Oudiiam, J. delivered the opinion' óf the court. This was an action of replevin brought by Duval against Haft-" graves in the' circuit court of Crawford county. At the return term the defendant below appeared and filed a plea in abatement' to the writ, upon which there was an issue Which was found in favor of the defendant below, and the writ was abated accordingly: The defendant then moved the court for a judgment for the return of the property replevied, which motion' the court overruled, to' which the defendant excepted, and has brought the case into this court by writ of error. If the plaintiff in error was entitled to a! judgment of retorno in the circuit court, the judgment of that court is incomplete, and there is no final judgment to which a writ of error may issue. It Is not contended by the plaintiff in error that the court erred in the judgment rendered upon the issue made by the pleadings but that it was not sufficiently extensive in not awarding to him a return-of the- property upon the abatement of the wTrit. He does not! therefore seek either to affirm» or reverse the judgment of the circuit court but to obtain an extension of that judgment in accord--anee with- the motion made-by him in the circuit court and which' was overruled. We apprehend that a writ of error cannot be made effective for the accomplishment of the desired object, but that» some other procedure must be resorted to, to obtain a' completion off the judgment in1 the court below. At common law the defendant in replevin is entitled to a judg»ment of retorno hubendo when he pleads property in himself or a' stranger and the issue is found in-his favor,- Our Revised Statutes extend the right of the defendant fo this judgment “when he shall obtain judgment by discontinuance or nonsuit,” and also “when1 he shall obtain judgment by the default of the plaintiff in any plead--ing, or in any other manner after having pleaded any matter which,if admitted by the plaintiff, would be sufficient in law to entitle Such defendant to a return of the property replevied.- Rev. Stat. ch 126, sec. 43, 44. There is no law entitling the defendant to a return of the pro--perty replevied in:a case like the present where he elects to evade-the-'determinatiofi of his right to the property in question by inter-posing-matter in abatement of the proceedings. If he is in law afid't justice-entitled to a return of the property, he should interpose a plea to the merits, upon the determination of which in his favor he will by law be entitled to that judgment which accords with his rights.- The defendant in this case having avoided an issue upon the merits by his pleadings, must resort to some .other mode of redress, if he is entitled to dt. The circuit court correctly refused to render judgment for the-return of the property replevied upon the finding the plea in abate-ment in favor of the defendant. Ret the judgment-be affirmed.